THE STATE, EX REL. McCRARY, v. REGISTRAR OF MOTOR VEHICLES.

(No. 5655—Decided July 5, 1957.)

Mr. Joseph C. Dapore and Messrs. Durbin, Navarre & Rizor, for relator.

Mr. William Saxbe, attorney general, and Mr. C. Richard Marsh, for respondent.

BRYANT, J.   This is an action originating in this court for the issuance of an alternative writ of prohibition, a temporary injunction and, upon final hearing, a permanent writ of prohibition.  For good cause shown, the alternative writ was issued together with a temporary restraining order.

This matter comes on for consideration on the motion of respondent, also referred to as the registrar, "to dismiss this action, with prejudice for the reason that plaintiff-relator has an adequate remedy at law."

The petition alleges that the relator, Paul McCrary, also referred to herein as McCrary, is the owner of a motor vehicle duly licensed under the laws of Ohio and is the holder of a duly executed driver's license.  The petition alleges further that the registrar "has threatened, is about to and will revoke said licenses and registrations unless prohibited by this court"; and that "there has been no act by the plaintiff-relator" which would entitle the registrar to take the action threatened.

The petition alleges also that relator has no adequate remedy in the ordinary course of the law and concludes with a prayer for an alternative writ of prohibition and a temporary

restraining order, and that, upon final hearing, the writ be made permanent.

The Attorney General acting on behalf of the registrar has filed a motion to dismiss, claiming that McCrary has an adequate remedy at law. With this motion the Attorney General has filed a brief containing a statement of facts. In the latter it is claimed that respondent on August 6, 1956, received a certified copy of a judgment rendered May 7, 1956, in case No. 43420 in the Allen County Common Pleas Court, as a result of a motor vehicle accident on August 1, 1955. It is claimed further that the registrar on August 14, 1956, acted to suspend the license registration of relator, and that notice thereof was served by certified mail, together with a statement that relator had a right to request a hearing under the provisions of the Administrative Procedure Act.

To this brief and statement of facts, relator has filed an answer brief placing in issue the facts so set forth. For example, in the answer brief it is stated:

"* * * the second paragraph of respondent's statement of facts is entirely false and untrue in that judgment was rendered in case No. 43420 of the Court of Common Pleas of Allen County, Ohio, but said case was definitely and categorically not a result of a motor vehicle accident which occurred on August 1, 1955, or any other date. Said judgment was not based in any way upon a motor vehicle accident. Further, said judgment has been discharged and is not valid."

The said brief continues with the statement that the registrar "cannot revoke registrations and licenses for mere money judgments not based on motor vehicle accidents."

From what has been set forth above, it is clear that the facts in this case are in dispute. The Attorney General on behalf of the registrar seeks in his statement of facts to contradict the petition. The petition alleges the threat of acts which have not happened but are about to happen at some time in the future. For example, the third paragraph of the petition says "that the defendant-respondent has threatened, is about to and will revoke said licenses and registrations unless prohibited by this court."

Further the petition alleges that "there has been no act by the plaintiff-relator" which would entitle the registrar to revoke

either his motor vehicle registration or his driver's license registration. From the statements in the brief of the Attorney General, it would appear that the registrar claims that the driver's license registration of relator was revoked many months ago for the reason that relator failed to satisfy a money judgment against him arising out of a motor vehicle accident.

It is reasonable to infer from the statement of facts set forth in relator's petition that no motor vehicle accident occurred and hence no unsatisfied judgment could arise therefrom, and that the threatened action of the respondent was without any authority. On the other hand, if the statement of facts set forth in the brief of respondent is true, there was a routine suspension of relator's license registrations effected in strict accordance with law, of which suspension the relator had adequate and proper notice and from which he could have appealed.

The question which is pending arises upon a motion to dismiss. That motion is not intended as a basis for settlement of disputes of fact. It serves much the same purpose that would be served by a demurrer and one of the principles applicable to a demurrer also applies to a motion to dismiss, namely, that it assumes that the well pleaded allegations of the petition are true as well as the reasonable and proper inferences arising therefrom. In such a case any doubt or uncertainty must be resolved in favor of the pleading which is under attack and which in this case is the petition. The petition so interpreted alleges that the registrar threatens without any legal excuse to revoke the licenses, and that such action is not merely erroneous but utterly void. The defense sought to be interposed by the Attorney General may well be proper in an answer to which relator will have an opportunity to reply. It has no place in a brief in support of a motion to dismiss.

For the reasons above set forth, the motion should be, and hereby is, overruled.

*Motion overruled.*

PETREE, P. J., and MILLER, J., concur.